# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# EASTERN DIVISION – IN ADMIRALTY

## CIVIL ACTION NO. 4:20-CV-167

| | |
|---|---|
| In the Matter of:<br><br>YUAN TSONG CHEN, an Owner of a 1988 23' Pro Line, HIN #PLC80024L788, NC Registration #2772 BR, her engine, tackle, apparel, appurtenances, etc.<br><br>For Exoneration from or Limitation of Liability | **VERIFIED COMPLAINT FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY** |

NOW COMES Yuan Tsong Chen ("Limitation Plaintiff") as an Owner of a 1988 23' Pro Line, HIN # PLC80024L788, NC Registration #2772 BR, her engine, tackle, apparel, appurtenances, etc., and seeks exoneration from or limitation of liability, civil and maritime, pursuant to 46 U.S.C. § 30501, *et. seq.*, Rule F of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and as otherwise may be allowed by law and alleges the following:

1. This is a case of admiralty and maritime jurisdiction over which the Court has subject matter jurisdiction pursuant to Title 28, Section 1333(1) of the United States Code. This Court's admiralty and maritime jurisdiction is invoked pursuant to Rule 9(h) of the Federal Rules of Civil Procedure. Venue is proper in this Court pursuant to Supplemental Admiralty Rule F(9) in that the Limitation Plaintiff's Vessel (as defined below) at issue is located within this District.

2. Limitation Plaintiff is a dual citizen of the United States and Taiwan.

3. At all pertinent times, Limitation Plaintiff was and is the sole registrant of a vessel of fiberglass construction (a 1988 23' Pro Line, HIN # PLC80024L788, NC Registration #2772 BR, her engine, a 200 hp Yamaha, tackle, apparel, appurtenances, etc.) ("Vessel").

4. At the time of the subject Voyage and Incident, Limitation Plaintiff owned a one-third interest in the Vessel and Yuan-Shen Huang ("Huang") owned the remaining two-thirds interest in the Vessel

5. For years prior to the Voyage and Incident, renewals of the Vessel's registration were sent to and paid by Huang but remained in the name of Limitation Plaintiff.

6. Upon information and belief, the Vessel is currently located within this District in Harkers Island, Carteret County, North Carolina.

7. Upon information and belief, on October 10, 2017, the Vessel sailed from the Harkers Island Fishing Center located at or near 1002 Island Road, Harkers Island, North Carolina 28531 ("Commencement/Termination Location") towards Cape Lookout for a pleasure, recreational, not "for hire" fishing trip in the navigable waters off of Harkers Island, North Carolina ("Voyage").

8. Upon information and belief, Huang, Nai Chung Chang ("Mr. Chang"), Fiona Chang ("Mrs. Chang"), Sherry Hsiao Kao ("Kao"), Hank Lai ("Mr. Lai"), Amy Tsai Lai ("Ms. Lai") and Nolly C. Wang ("Wang") were aboard the Vessel for the Voyage; Limitation Plaintiff was not aboard the Vessel.

9. Upon information and belief, Huang is (and at all times relevant was) an experienced and safe operator of the Vessel in the subject waters, including his having taken a USCG Auxiliary safe boating course, and operated the Vessel safely in the subject waters for many years without incident about which Limitation Plaintiff knew or should have known to give rise to Limitation Plaintiff prohibiting or restricting the use of the Vessel by Huang.

10. Upon information and belief during the Voyage, the occupants of the Vessel were traveling in navigable waters of the United States in unremarkable weather conditions.

11. Upon information and belief during the Voyage, while in or near the marked channel, the Vessel encountered shallow water and the hull of the Vessel ran aground in the sand.

12. Upon information and belief, the engine was raised and efforts were attempted to steer the Vessel into deeper water, but were unsuccessful.

13. Upon information and belief, thereafter, Huang, Mr. Lai and Mr. Chang entered the water and pushed the stern of Vessel in order to dislodge the hull from the sand.

14. Upon information and belief, once the Vessel appeared to be ungrounding, Huang re-boarded the Vessel to steer the Vessel into deeper water and turn the Vessel around to retrieve Mr. Lai and Mr. Chang to continue the Voyage.

15. Upon information and belief, during the operation to unground the Vessel and continue the Voyage, the propeller of the Vessel made contact with Mr. Chang causing injuries ("Incident").

16. It is unclear who, if anyone, was at the helm at the time of the Incident.

17. Upon information and belief, immediately after the Incident, Mr. Chang was placed onto the Vessel and the Vessel returned to the Commencement/Termination location.

18. At the time of the Incident, Limitation Plaintiff was in Taiwan.

19. Upon information and belief, no alleged claim or potential claim of anyone nor any alleged injury to anyone aboard the Vessel or otherwise was caused or contributed to by any fault or negligence on the part of the Limitation Plaintiff, the Vessel, or anyone for whom the Limitation Plaintiff may be responsible. If there is any fault or negligence on the part of the Limitation Plaintiff, the Vessel, or anyone for whom the Limitation Plaintiff may be responsible, which is expressly denied, then said negligence may be imputed to any claimants or third parties and / or may comparatively reduce the proportion of negligence or corresponding liability of Limitation Plaintiff.

20. Upon information and belief, any alleged injury to Mr. Chang, Mrs. Chang and/or other casualty or potential claim arising out of the Voyage or Incident was occasioned or incurred without the privity or knowledge of the Limitation Plaintiff.

21. Upon information and belief, the Incident, and any alleged injuries or damages occurring therefrom, were occasioned and incurred as a result of some excusable cause, including but not limited to marine peril, act of God, and/or fault of another/others.

22. The Limitation Plaintiff invokes the benefits of the Limitation of Shipowners' Liability Act, 46 U.S.C.A. § 30501, et. seq., and Rule F of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims. Limitation Plaintiff also hereby claims the benefits of all statutes and acts of the Congress of the United States, whether named herein or not, granting or providing for exoneration from or limitation of liability to vessel owners. In this regard, the Limitation Plaintiff will show that neither he nor the Vessel is liable to any extent, and that they are each entitled to exoneration from liability for all losses, damages, or injury occasioned by reason of the matters aforesaid. Alternatively, and without admitting liability, the Limitation Plaintiff will show that, in the event he is found liable to any parties by reason of the Incident described herein, the Limitation Plaintiff is entitled to limit his liability to the value of his interest in the Vessel immediately after the Incident.

23. The Limitation Plaintiff used diligence to ensure that the Vessel was seaworthy and, upon information and belief, at the commencement of the Voyage, and at all times during the voyage, she was tight, staunch, strong, fully equipped and supplied, seaworthy and fit for the service in which she was engaged.

24. The Limitation Plaintiff has knowledge of claims for negligence and gross negligence, negligent infliction of emotional distress, loss of consortium: loss of services, companionship and relationship by Mr. and Mrs. Chang against Huang arising out of the Incident which are the subject of that action known as *Nia Chung Chang and Fiona Chang v. Dr. Yuan-Shen Huang*, currently pending in Durham County, North Carolina Case # 19 CVS 004209. Although other claims are possible, Limitation Plaintiff is informed and believes that, insofar as can be determined, no demands or claims of liens in contract, tort, marine salvage or otherwise relating to the Voyage in question have yet been made against Limitation Plaintiff.

25. The value of the Limitation Plaintiff's interest in the Vessel at the close of the Voyage did not exceed $5,000.00, being one-third of the $1,666.67 value of as further evidenced by the *Affidavit of Marine Surveyor,* Brian Donnalley and accompanying report, which is attached as **Exhibit 1**.

26. The amount of claims against the Limitation Plaintiff and the Vessel are expected to exceed the value of the Limitation Plaintiff's interest in the Vessel, including pending hire.

27. Upon information and belief, this Complaint is filed not later than six (6) months after receipt of a claim in writing as no "claim in writing" has been received.

28. Venue for this Complaint lies within this District; the Vessel has not been arrested; the Limitation Plaintiff has not been sued to his knowledge with respect to any claim relating to the Voyage and/or Incident; and the Vessel is

currently located within this District, particularly, upon information and belief, she is currently located in Harkers Island, Carteret County, North Carolina. To the extent the Court concludes otherwise, the interests of justice require transfer to the United States District Court, Middle District of North Carolina rather than dismissal

29. Subject to an appraisal of the Limitation Plaintiff's interest on a reference, the Limitation Plaintiff, contemporaneously with the filing of this Verified Complaint, is submitting an *ad interim* stipulation of value not less than or equal to the amount or value of Limitation Plaintiff's interest in the Vessel in the sum of $2,166.67 (being a sum equal to the amount or value of the Limitation Plaintiff's interest ($1,666.67) in the Vessel and pending freight, plus costs ($500.00 per Supplemental Rule F(1) and Local Rule F.1)) plus interest at the rate of 6% per annum from the date of the security. Alternatively, Limitation Plaintiff is prepared to post cash (or the equivalent) in the sum of $2,166.67 (being a sum equal to the amount or value of the Limitation Plaintiff's interest ($1,666.67) in the Vessel and pending freight, plus costs ($500.00 per Supplemental Rule F(1) and Local Rule F.1)) and deposit same with the Clerk of Court if so ordered by this Honorable Court.

30. Limitation Plaintiff invokes admiralty and maritime law and jurisdiction and further seeks exoneration from or limitation of liability for any and all claims arising out of the Voyage and/or Incident.

**WHEREFORE**, the Limitation Plaintiff prays that this Honorable Court will:

a. Enter an Order accepting the Limitation Plaintiff's *ad interim* stipulation of value as approved security for such estimated value of

Limitation Plaintiff's interest in the Vessel and thereupon release the Vessel from any and all liability in the premises, said *ad interim* stipulation and undertaking to be continued in force and effect until the value of Limitation Plaintiff's interest in the Vessel might be more fully determined, if requested, in which event Limitation Plaintiff shall, thereupon, either pay the additional amount into Court or issue such additional proper bond, approved security, or stipulation sufficient to fully cover such appraisal;

b. Issue a notice to any and all persons, firms or corporations claiming damages or losses for or in connection with the Voyage and/or Incident against Limitation Plaintiff and/or the Vessel, citing and admonishing them to answer the allegations of this Complaint in accordance with the law and practice of this Honorable Court, or otherwise, as and when ordered by the Court;

c. Except in these proceedings for exoneration from or limitation of liability, issue an injunction enjoining and restraining any and all person or persons, firms, or corporations claiming damages or losses resulting from the aforesaid Voyage and/or Incident from prosecuting or attempting to prosecute other proceedings upon their claims against the Limitation Plaintiff and/or Vessel, and also, except in this proceeding, enjoining and restraining any and all person or persons, firms or corporations from commencing or prosecuting any claim or

claims, suit or suits, action or actions, or other proceedings of any nature or description against Limitation Plaintiff and/or the Vessel whatsoever for or in connection with or on account of, incidental to, or resulting from the Voyage and/or Incident;

d. Order that said notice as required by Supplemental Rule F(4) and Local Admiralty Rule F.2 shall be published in <u>The News and Observer</u> (Raleigh, North Carolina), a general circulation printed and published in Wake County, North Carolina; once each week for four (4) consecutive weeks before the return date of the notice;

e. Adjudge and decree in this proceeding that the Limitation Plaintiff and the Vessel are not liable in any manner or to any extent for any claim or damage whatsoever from or on account of, or in connection with, or incidental to the matters, Voyage and Incident aforesaid; or if the Court shall adjudge that the Limitation Plaintiff and the Vessel are liable for all or any part of said claims or demands, then Order that the liability of the Limitation Plaintiff be limited to the value of his interest in the Vessel as of the conclusion of the Voyage, and that the monies paid or secured to be paid as aforesaid be divided pro rata among the claims filed as provided by law, and that the Limitation Plaintiff and the Vessel be discharged from all further liability; and

f. If Limitation Plaintiff shall be found liable, a declaration that Limitation Plaintiff shall be indemnified by the party or parties,

currently known or unknown, who are either wholly or primarily responsible for any alleged injuries or damages arising out of the incident;

g. Declare that all persons, firms, or corporations who fail to file a claim in this proceeding are in default and are forever barred from making any claim for such loss, damage, injury or expense in this proceeding, or in any other proceeding related to the incident or the alleged acts or omissions of Limitation Plaintiff; and

h. Enter such other Orders as will give to the Limitation Plaintiff and the Vessel such other and further relief as may be just and proper in the premises.

This the 1st day of September, 2020.

                CRANFILL, SUMNER & HARTZOG LLP

                /s/ Jason R. Harris
                Jason R. Harris
                N.C. State Bar No. 27876
                Laura E. Dean
                N.C. State Bar No. 43775
                101 N. 3rd Street, Suite 400
                Wilmington, NC 28401
                (910) 777-6000
                (910) 777-6142 Fax
                jharris@cshlaw.com
                ldean@cshlaw.om
                *Attorneys for Limitation Plaintiff*

## VERIFICATION

I, Yuan Tsong Chen, do hereby declare that I have read the foregoing *Verified Complaint for Exoneration from and/or Limitation of Liability*, and the same is true of my own knowledge, except to those matters and things stated upon information and belief and as to these things, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this the 28th day of August, 2020.

_____
Yuan Tsong Chen